# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | Adversary Proceeding |
| DONALD H. BAILEY | ) | |
| (Chapter 11 Case Number <u>07-41381</u>) | ) | Number <u>09-4002</u> |
| *Debtor* | ) | |
| | ) | **FILED** |
| DONALD H. BAILEY | ) | Samuel L. Kay, Clerk |
| | ) | United States Bankruptcy Court |
| *Plaintiff* | ) | Savannah, Georgia |
| | ) | By lbarnard at 2:13 pm, May 12, 2009 |
| v. | ) | |
| HAKO-MED USA, INC. | ) | |
| and | ) | |
| KAI HANSJURGENS | ) | |
| *Defendants* | ) | |

## MEMORANDUM AND ORDER
## ON DEFENDANTS' MOTION TO OPEN THE DEFAULT

Debtor filed this adversary proceeding on January 28, 2009. <u>Complaint</u>, Dckt.No. 1. Debtor served Defendants by regular mail and by certified mail to Defendants' address of record on January 30, 2009. <u>Summons</u>, Dckt.No. 3. Defendants received actual notice of the adversary proceeding on February 10, 2009. <u>Affidavit of Defendant Kai Hansjurgens</u>, Dckt.No. 12, Exhibit. On March 10, 2009, Defendants filed their answers to

AO 72A
(Rev. 8/82)

the complaint and also Motions to Open the Default. <u>Answers</u>, Dckt.Nos. 5 & 6; <u>Motions</u>, Dckt.Nos. 7 & 8. After a pre-trial hearing on March 13, 2009, Plaintiffs filed a Motion for Default Judgment and an Objection to Defendants' motion to open the default. <u>Motion</u>, Dckt.No. 10 (March 20, 2009). On March 23, 2009, Defendants filed a brief in support of their Motion to Open the Default. <u>Defendants' Briefs</u>, Dckt.Nos. 11 & 12.

There is no dispute that Defendants filed their answers late and thus were in default. *See* <u>Defendants' Briefs</u>, Dckt.Nos. 11 & 12, pg. 2. Under Federal Rule of Bankruptcy Procedure 7012, a defendant shall serve an answer within 30 days after the issuance of the summons. The initial day is not included in computing the time, and three days are added because the summons was sent by mail. Fed.R.Bankr.P. 9006(a) & (f). Thus, Defendants' answers were due March 4, 2009. Defendants' did not file their answers until March 10, 2009. As a result, Defendants were in default.[1]

Pursuant to Bankruptcy Rule 7055 which applies Federal Rule of Civil Procedure 55(c), this Court may, upon a showing of good cause, set aside an entry of default. "The determination as to whether good cause exists lies with the discretion of the trial court." <u>Penn v. Johnson (In re Johnson)</u>, 1991 WL 11002465, at *1 (Bankr.S.D.Ga. Nov. 11, 1991)(Dalis, J.)(citations omitted). Generally, the factors courts consider include, but are not

---

[1] Though Defendants were in default, no entry of default has yet been entered. However, because Defendants' motion to open default and Debtor's motion for default judgment were filed as if an entry of default had been entered, this Court will address the issue as if it had been entered.

2

limited to: (1) the promptness of the defaulting party's action to vacate the default, (2) the plausibility of the defaulting party's excuse for the default, (3) the merit of any defense the defaulting party might wish to present in response to the underlying action, and (4) any prejudice the party not in default might suffer if the default is opened. In re Jawish, 260 B.R. 564, 567 (Bankr.M.D.Ga. 2000)(Walker, J.); *see* In re Durango Paper Co., 314 B.R. 881, 883-84 (Bankr.S.D.Ga. 2004)(Davis, J.). "Federal District courts seem more willing to set aside an entry of default and with a lesser showing than they are in the case of a default judgment." Atlanta Gas Light Co. v. Semaphore Advertising, Inc., 747 F.Supp. 715, 718 (S.D.Ga. 1990)(Bowen, J.); *see* Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499 (11th Cir. 1984); Davis v. Parkhill-Goodloe Co., 302 F.2d 489, 495 (5th Cir. 1962)(Judgments by default are not generally favored; hence, as a general proposition, any doubts should be resolved in favor of permitting a hearing on the merits.). "In looking at these factors, a court should be mindful of the general policy favoring decisions based on the merits." In re Jones, 279 B.R. 366, 368 (Bankr.M.D.Ga. 2001)(Walker, J.); *see also* In re Durango Paper Co., 314 B.R. at 884.

Applying the above factors, I find that Defendants have made an adequate showing of good cause. First, Defendants filed their motions to set aside the default on the same day as they filed their answers, which was just six days after default occurred. This delay was not unreasonable. *See* Rogers v. Allied Media (In re Rogers), 160 B.R. 249, 252 (Bankr.N.D.Ga. 1993)(Drake, J.)(held that under the less stringent standard of Rule 55(c),

filing a motion to open a default a month after the entry of default was not unreasonable per se.).

Second, Defendants have presented two meritorious defenses. First, Defendants assert that "[a]ll matters in controversy between the parties pursuant to the attached agreement marked as Exhibit "A" are required to be 'settled by arbitration in Honolulu, Hawaii . . . ,' and this case should be transferred for arbitration." Answers, Dckts.No. 5 & 6. Defendants attached the contract signed by Debtor to their answers, and it does contain an arbitration clause. See Id., Exhibit, ¶ 22. Therefore, as long as Defendants can prove that they are entitled to arbitration under the standard established by In re Martin, 387 B.R. 307 (Bankr.S.D.Ga. 2007)(Davis, J.) and In re Friedman's, Inc., 372 B.R. 530 (Bankr.S.D.Ga. 2007)(Davis, J.), all or part of this adversary proceeding may be transferred for arbitration.

Defendants also assert that "[a]t all times during these transactions Defendants specifically disclaimed any presentations in regards to billing procedures. Debtor specifically agreed that no billing advice or instructions had been or will be provided to the undesigned customer." Answers, Dckt.Nos. 5 & 6. This defense is in response to Debtor's assertion that representatives of Defendants, in both face to face meetings with Debtor and presentations to larger groups, claimed that doctors could use two codes to bill Medicare and other insurance companies, information which Debtor relied on when he purchased

AO 72A
(Rev. 8/82)

Defendant's medical equipment to later sell to doctors. However, after Debtor purchased the equipment, Medicare and other insurance companies only allowed one code to be used, a result which caused reimbursement to lower by half and thus to detrimentally harm Debtor. Therefore, if Defendants are able to establish these facts at trial and provide the law to back up this defense, this assertion may constitute a meritorious defense to Debtor's complaint. *See* Coon v. Grenier, 867 F.2d 73, 77 (1st Cir. 1989)("The 'meritorious defense' component . . . does not go so far as to require that the movant demonstrate a likelihood of success on the merits. Rather, a party's averments need only plausibly suggest the existence of facts which, if proven at trial would constitute a cognizable defense."); Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969); In re Johnson, 1991 WL 11002465, at *1.

Third, Debtor will not be prejudiced by vacating the default. "'Prejudice is not shown by the simple delay that will inherently attend in resolving a case from setting aside of a judgment.'" Instead, "prejudice is shown where evidence has been lost, destroyed, or will be more difficult to obtain, or where plaintiff's costs will increase to an unfair degree as a result of setting aside the default." Washington v. Rogers, 2007 WL 1732575, at *2 (S.D.Ga. June 14, 2007)(Smith, J.)(citations omitted). Debtor has not shown nor even implied that he will be prejudiced in this way if this Court sets aside the entry of default. Furthermore, "[w]hile the opening of any default would cause delay and therefore would be somewhat prejudicial to a debtor, this must be balanced against the policy favoring resolving disputes on the merits." In re Jones, 279 B.R. at 370; *see also* In re Jawish, 260 B.R. at 568.

5

Because Defendants have posed two defenses with potential merit, on balance, the opening of the default would not be prejudicial to Debtor.

Although the reason for Defendants delay is not a compelling excuse, "when setting aside a default as opposed to vacating a default judgment, it is not always necessary that the neglect of oversight be excusable." Rasmussen v. W.E.Hutton & Co., 68 F.R.D. 231, 235 (N.D.Ga. 1975)(Hill, J.); *see also* Bruce v. PharmaCentra, LLC, 2008 WL 1902090, at *7 (N.D.Ga. Apr. 25, 2008)(Thrash, J.); Atlanta Gas Light Co., 747 F.Supp. at 718. However, if the Plaintiff has shown that Defendant's delay was willful or grossly negligent, that will definitely weigh in favor of denying Defendants motion. *See* In re Durango Paper Co., 314 B.R. at 883(Bankruptcy Rule 7055 "imposes a very low standard, which is generally met any time a court finds that the default was not the result of gross neglect..."); In re Jones, 279 B.R. at 368(Analyzing the second factor "involves an examination of the defaulting party's culpability.").

Plaintiff does not allege, nor do the facts indicate, that the delay was in any way willful or grossly negligent. Based on Defendant Kai Hansjurgens' affidavit, Defendants were diligent in attempting to hire an attorney, and because of the six hour time difference and long duration of law firms' conflict checks, Defendants were unable to hire an attorney until March 10th, the same day Defendants' answers and motion to open default were filed. Even though this reason may not rise to the level of "excusable neglect" for setting aside a

6

AO 72A
(Rev. 8/82)

default judgment, it is enough to establish the lower "good cause" standard.

Accordingly, Defendants have made an adequate showing of good cause thus Defendants' Motion to Open Default is granted.

## ORDER

Pursuant to the foregoing IT IS THE ORDER OF THIS COURT that the Defendants' Motion to Open Default is GRANTED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This _____ day of May, 2009.