# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| DONALD H. BAILEY | ) | |
| (Chapter 11 Case Number <u>07-41381</u>) | ) | Number 09-4002 |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| | ) | |
| DONALD H. BAILEY | ) | **FILED** |
| | ) | Samuel L. Kay, Clerk |
| *Plaintiff* | ) | United States Bankruptcy Court |
| | ) | Savannah, Georgia |
| v. | ) | By lbarnard at 2:32 pm, Jun 21, 2011 |
| | ) | |
| HAKO-MED USA, INC. | ) | |
| AND | ) | |
| KAI HANSJURGENS | ) | |
| *Defendants* | ) | |

## MEMORANDUM AND ORDER
## ON DEFENDANTS' AMENDED NOTICE OF APPEAL AND IN THE ALTERNATIVE MOTION FOR EXTENSION OF TIME TO FILE APPEAL OR ACCEPT BELATED APPEAL

In this Adversary Proceeding, a Final Order was entered in favor of Plaintiff / Debtor on April 7, 2011. Defendant filed this untimely Notice of Appeal on April 29, 2011, requesting that this Court allow the belated appeal, or in the alternative, that this Court grant Defendant an extension of time to file his appeal. Based on the entire record and the applicable law, I make the following Findings of Fact and Conclusions of Law.

AO 72A
(Rev. 8/82)

## FINDINGS OF FACT

Debtor Donald H. Bailey filed Chapter 11 on September 4, 2007. As part of the administration of the estate, Debtor commenced an Adversary Proceeding against Hako-Med USA, Inc. ("Hako-Med"), and Kai Hansjurgens (together "Defendants"). The complaint raised numerous allegations arising out of a business relationship between Debtor and Defendants. The matter was finally resolved by Order of this Court on April 7, 2011. Bailey v. Hako-Med USA, Inc., 2011 WL 1485303 (Davis, J.). In that Final Order I awarded to Debtor "(1) Compensatory Damages in the amount of $277,336.13; (2) Punitive Damages in the amount of $554,672.26; and (3) Attorneys' Fees in the amount of $61,965.25, for a total of $893,973.64." Id. at *5.

Defendant Hansjurgens filed a Notice of Appeal on April 29, 2011. Notice of Appeal, Dckt. No. 148.[1] Acknowledging that the Notice of Appeal was untimely, he requested that this Court grant him an extension of time to file a notice of appeal or alternatively that this Court accept an untimely notice of appeal. Id. Hansjurgens has alleged that his counsel erroneously informed him that he had until May 6, 2011, to appeal the Final Order. Id. at p. 2. He therefore argues that his untimely Notice of Appeal was the result of

---

[1] On December 1, 2010, Defendants filed a Notice of Appeal of this Court's November 18, 2010, Order. Notice of Appeal, Dckt. No. 100 (Dec. 1, 2010). Defendants filed that Notice of Appeal without first obtaining permission of this Court as required by 28 U.S.C. § 158(a)(3). On December 2, 2010, Defendants filed an Application to Appeal the Interlocutory Order, in accordance with 28 U.S.C. § 158(a)(3). Application to Appeal, Dckt. No. 102. On December 3, 2010, Defendants filed an Amended Application to Appeal the Interlocutory Order. Amended Application to Appeal, Dckt. No. 103. At a hearing I heard arguments from both sides and issued an Order on December 22, 2010, denying Defendants' Application for Permission to Appeal. Bailey v. Hako-Med USA, Inc., Case No. 09-4002 (Dec. 22, 2010) (Davis, J.). Accordingly, no appeal was pending at the time Hansjurgens filed this pleading. His labeling of this pleading as an "Amended Notice of Appeal" is incorrect. This is, in fact, the first and only Notice of Appeal of a final order in this proceeding.

excusable neglect. <u>Id.</u> This Court set a hearing for the Motion for Extension of Time to Appeal on June 7, 2011. On June 6, 2011, one day before the hearing was to occur, Hansjurgens filed a "Motion to Squash [sic] Hearing" requesting that the hearing not take place as scheduled. <u>Motion to Squash Hearing</u>, Dckt. No. 172. He cited his remote geographic location (Hawaii), his inability to obtain local counsel, and his personal opinion that the Motion did not require a hearing as reasons to "squash" the hearing. <u>Id.</u> at p. 2. In that Motion, Hansjurgens made the following accusation:

> Defendant notes that this honorable court has prejudged defendant by stating that discovery responses were UNTRUTHFUL without presenting a single piece of evidence to back up this erroneous conclusion[.] Defendant notes that by chance it has come to his attention that this honorable court has maintained a business relationship throughout the entire trial with the Plaintiff's attorney, Jim McCaller's [sic] business, to whom this honorable court has awarded tens of thousands of dollars in attorney's fees and has failed to disclose this business relationship to Defendant. . . . The Supreme Court of the United States of America has unequivocally ruled that if the appearance of impropriety exists the presiding judge must recuse himself or herself.

<u>Id.</u> at p. 3 (citing <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847 (1988); other citations omitted). Hansjurgens did not appear at the June 7, 2011, hearing.

Hansjurgens had previously appeared at the September 17, 2010, hearing to testify on his own behalf. As I noted in my Order dated April 7, 2011, Hansjurgens "was

3

certainly evasive and uncooperative in his trial testimony." Bailey v. Hako-Med USA, Inc., Case No. 09-4002, p. 3 (Apr. 7, 2011) (Davis, J.). Since the September 2010 hearing, Hansjurgens has failed to appear before this Court for three separate hearings (December 16, 2010; March 8, 2011; and June 7, 2011), he has refused to comply with an Order allowing post-judgment discovery (Order, Dckt. No. 112 (Jan. 5, 2011)), and he has refused to comply with an Order compelling that discovery (Order, Dckt. No. 137 (Mar. 3, 2011)).

## CONCLUSIONS OF LAW

### I. Pro Se Litigants

Hansjurgens is proceeding in this litigation *pro se*. While courts have "provide[d] pro se parties wide latitude when construing their pleadings and papers," that only means that "[w]hen interpreting the pro se papers, the Court should use common sense to determine what relief the party desires." S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). Based on this standard, this Court interpreted Hansjurgens's "Motion to Squash [sic] Hearing" as a Motion to Continue the Hearing so that he would have more time to procure local counsel. I denied that Motion to Continue at the hearing, noting Hansjurgens's failure to comply with the discovery Orders, the eleventh hour nature of the Motion, his other dilatory tactics, and his own recognition that the Motion for Extension of Time to Appeal could "easily be decided without a hearing." Motion to Squash Hearing, Dckt. No. 172, pp. 1-2.

II. Motion to Extend Time to File Appeal

At the hearing, Debtor's counsel opposed the Motion for Extension of Time to Appeal. Hansjurgens pleaded—as his reason for requesting the extension of time to appeal—that his counsel "advised [Hansjurgens] that the time frame to file an appeal as to the Final Judgment of April 7, 2011 is as of May 6, 2011." Notice of Appeal, Dckt. No. 148, p. 2. Hansjurgens asserts that because his attorney (at the time, he is now proceeding *pro se*) informed him that he had until May 6, 2011, to file his Notice of Appeal, that his failure to timely file it before the April 21, 2011, deadline arose from excusable neglect and the deadline should therefore be extended pursuant to Bankruptcy Rule 8002(c)(2). To support this contention, he attached a letter from his counsel which contains language to that effect. However, because there was no evidentiary hearing I cannot reach any conclusion as to whether that letter constituted the full extent of the communication between Hansjurgens and his counsel. In fact, I do not need to determine the extent of the communication between them. Even if the facts are exactly as Hansjurgens has alleged, his Motion would fail.

Bankruptcy Rule 8002(a) provides that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). Because my Final Order was issued on April 7, 2011, a timely notice of appeal would have had to be filed on or before April 21, 2011. *See* Fed. R. Bankr. P. 9006(a)(1). A post-deadline extension "for filing a notice of appeal may be granted upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c)(2).

The Eleventh Circuit Court of Appeals has held that "as a matter of law . . . an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline." Advanced Estimating System, Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997) (interpreting a deadline provision in Federal Rule of Civil Procedure 59). In Advanced Estimating System, the jury returned a verdict for the plaintiff. The defendant filed an untimely motion for a new trial, and an untimely motion for relief from judgment. He erroneously believed that those motions tolled the period for filing a notice of appeal, and therefore did not file one. Three weeks later, he realized his mistake and petitioned the court for an enlargement of time to appeal. The standard used by that court, from the Federal Rules of Appellate Procedure, was also one of "excusable neglect." *See* Fed. R. App. P. 4(a)(5). The Court of Appeals held that a mistaken understanding of a rule is not "excusable neglect" sufficient to justify a missed deadline, and that the defendant's notice of appeal was untimely. In so deciding, the court differentiated between "mistakes of fact" and "mistakes of law," the latter being inexcusable. Advanced Estimating System, Inc., 130 F.3d at 999.

This case involves a "mistake of law." If Hansjurgens's attorney did believe that the notice of appeal was not due until May 6, 2011, that belief is not "excusable neglect" for purposes of Bankruptcy Rule 8002(c)(2). Hansjurgens's rights remain unaffected irrespective of whether he filed the Motion *pro se* or whether it was filed by his counsel. U.S. v. Pippin, 473 F.Supp.2d 1171, 1173 (M.D. Ala. 2006) (noting that "indigence and pro se status alone are not sufficient for a finding of excusable neglect or good cause.").

### III. Alleged Disqualification

Hansjurgens has asserted that the undersigned is unable to continue as the presiding judge in this matter. He has leveled allegations that I have prejudged him in this matter and that I have "maintained a business relationship" with the Plaintiff's attorney throughout the duration of the trial. Motion to Extend, Dckt. No. 172, p. 3. These allegations are taken very seriously.

> Once the issue of disqualification is raised, even through argument by a party and not by formal motion, it is incumbent upon the court to resolve the issue in order for the matter at hand to proceed either with this judge; or, if appropriate, before another court unfettered by a lingering question of partiality or prejudice.

In re Austin, 1990 WL 10007488, *1 (Bankr. S.D. Ga. 1990) (Dalis, J.).

Hansjurgens's assertions, although imprecisely formulated, implicate concerns addressed by 28 U.S.C. §§ 455(b)(1) and 455(b)(4), and Bankruptcy Rule 5004(b).[2] I will discuss these assertions and the legal issues which they raise in more detail below.

Bankruptcy Rule 5004(a) provides that "[a] bankruptcy judge shall be

---

[2] Hansjurgens specifically alleged that "this honorable court has prejudged defendant by stating that discovery responses were UNTRUTHFUL without presenting a single piece of evidence to back up this erroneous conclusion," and that "this honorable court has maintained a business relationship throughout the entire trial with the Plaintiff's attorney, Jim McCaller's [sic] business . . . ." As Hansjurgens is proceeding *pro se*, I interpret these allegations as raising the issues of Disqualification of a Judge based on Personal Bias or Prejudice; Disqualification of a Judge based on Financial Interest; and Disqualification of a Judge From Allowing Compensation.

governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case." Fed. R. Bankr. P. 5004(a). Section 455 governs disqualification of a federal judge and it contemplates that a judge decides for himself whether the alleged behavior falls within the ambit of that code provision. *See e.g.* Levitt v. Univ. of Texas at El Paso, 847 F.2d 221, 226 (5th Cir. 1988), *cert. denied*, 488 U.S. 984 (1988); In re Austin, 1990 WL 10007488, *1 (listing cases).

Bankruptcy Rule 5004(b) provides that "[a] bankruptcy judge shall be disqualified from allowing compensation to a person who is a relative of the bankruptcy judge or with whom the judge is so connected as to render it improper for the judge to authorize such compensation." Fed. R. Bankr. P. 5004(b).

### a. No Disqualifying Personal Bias or Prejudice Exists

I begin my analysis by looking to § 455(b), which lists specific circumstances under which a judge shall disqualify himself. Section 455(b)(1) provides that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." To support this contention Hansjurgens stated that "this honorable court has prejudged defendant by stating that discovery responses were UNTRUTHFUL without presenting a single piece of evidence to back up this erroneous conclusion[.]" Motion to Extend, Dckt. No. 172, p. 3. Hansjurgens cites an Order of this Court to support that fact. Bailey v. Hako-

Med USA, Inc., Case No. 09-40002, p. 6, last paragraph (May 26, 2011). That paragraph reads:

> Following that pre-trial conference, I entered an Order dated March 3, 2011, ordering (among other things) that Defendants produce truthful discovery responses to their attorney on or before March 8, 2011. I intended to have that discovery on hand when I conducted the March 8, 2011, trial (which was the trial date for the punitive damages / attorneys' fees issue). This decision was rendered in the interest of judicial economy and the convenience of the parties, because Defendants are residents of Hawaii. If the material was discoverable, it would need to be easily accessible at the time of trial.

Id. Hanjurgens's interpretation of this paragraph is fatuous and does not withstand even the most basic scrutiny.

That Order detailed Hansjurgens's disregard of this Court's earlier Order that he comply with discovery. He provided incomplete answers to some discovery requests and altogether failed to respond to others. This Court's requirement "that Defendants produce truthful discovery responses to their attorney on or before March 8, 2011," was just that—a requirement that he comply with the discovery Orders. The Order only required that he comply with discovery, it made no assertion that his previously-filed discovery responses (incomplete as they were) were untruthful. Hansjurgens has alleged no other basis for his assertion that I should be disqualified based on personal bias or prejudice. Accordingly, upon evaluation of this allegation, Hansjurgens's assertion that I should be disqualified based

9

on personal bias or prejudice will be denied.

### b. No Disqualifying Financial Interest Exists

Section 455(b)(4) provides that a judge shall disqualify himself when "[h]e knows that he . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, *or any other interest that could be substantially affected by the outcome of the proceeding . . . .*" Motion to Extend, Dckt. No. 172, p. 3. Hansjurgens has alleged that I have "maintained a business relationship throughout the entire trial with the Plaintiff's attorney, Jim McCaller's [sic] business . . . ." Such a relationship, if it existed, would likely be grounds for disqualification. However, Hansjurgens's assertion was vague and conclusory and did not provide any details regarding the alleged business relationship. Id. He only alleges, rather cryptically, that the alleged relationship "by chance . . . has come to his attention . . . ." Id. Hansjurgens was not present at the June 7, 2011, hearing to elaborate on this contention.

This allegation is shockingly false and spurious. At the hearing I stated that there was no such relationship between myself and Plaintiff's counsel, and out of an abundance of caution, I questioned Plaintiff's attorney—in his capacity as an officer of the Court—on that point as well.

> I can think of nothing that can fit within that category . . . . [C]an you think of anything that would support the suggestion that Mr. Hansjurgens has made . . . ? Can you

think of anything that would have escaped my attention
that might be related to this suggestion on his part that
perhaps I should not hear this case further?

Plaintiff's counsel responded that he could not think of any facts which would support Hansjurgens's assertion. In fact, Plaintiff's counsel stated that he has "absolutely no knowledge of a business relationship" with the undersigned, and that he could think of nothing that would constitute a business relationship, "even in the remotest sense of the word." That characterization is correct, and I ruled at that time that I would deny Hansjurgens's request that I be disqualified based on financial interest.

I repeat that there is no business relationship between myself and Plaintiff's counsel, and Hansjurgens has neither alleged nor shown any other basis for this Court to be disqualified based on financial interest.[3] Accordingly, Hansjurgens's suggestion that I should be disqualified based on financial interest will be denied.

---

[3] It is appropriate at this stage to remind Hansjurgens that certain types of misconduct in the Bankruptcy Court are governed by Bankruptcy Rule 9011. That rule provides that:

"By presenting to the court . . . a petition, pleading, written motion, or other paper, an . . . unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
. . . .
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ."

Fed. R. Bankr. P. 9011(a). Any violation of this rule may be met with the imposition of sanctions upon the violating party. Fed. R. Bankr. P. 9011(c). Those sanctions may include (but are not limited to) an order directing the payment of the attorneys' fees incurred as a result of the violation, or an order striking the pleading which violate Bankruptcy Rule 9011. Id.; In re Zarnel, 619 F.3d 156, 161 (2nd Cir. 2010).

### c. Motion to Disqualify Judge From Allowing Compensation

Bankruptcy Rule 5004(b) provides that "[a] bankruptcy judge shall be disqualified from allowing compensation to a person who is a relative of the bankruptcy judge or with whom the judge is so connected as to render it improper for the judge to authorize such compensation." Fed. R. Bankr. P. 5004(b). Hansjurgens has alleged that I have improperly awarded compensation to Plaintiff's counsel. He has asserted that I have "maintained a business relationship throughout the entire trial with the Plaintiff's attorney, Jim McCaller's [sic] business, to whom this honorable court has awarded tens of thousands of dollars in attorney's fees . . . ." Motion to Extend, Dckt. No. 172, p. 3.

I repeat: I have no business relationship with Plaintiff's counsel. I further elaborate that I have no relationship with Plaintiff's counsel beyond ordinary contact which regularly occurs between judges and attorneys. Plaintiff's counsel is a member of the State Bar of Georgia and a member of the Savannah community. That is the extent of my interaction with Plaintiff's counsel. Because I maintain no other relationship with Plaintiff's counsel, and because Hansjurgens has not directed this Court's attention to any factual basis for concluding that I am "so connected [to Plaintiff's counsel] as to render it improper" to award compensation, the suggestion that I should be disqualified from allowing compensation will be denied.

### d. My Impartiality

Section 455(a) requires that a judge "disqualify himself in any proceeding

in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[T]he standard for determining whether a judge should disqualify himself under § 455 is an objective one, whether a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned." *See, e.g.,* U.S. v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986). For the above-stated reasons, I find that my impartiality could not be *reasonably* questioned in this matter, and I will not disqualify myself from the instant case.

## IV. Conclusion

Hansjurgens's assertions that I should be disqualified will be denied. He provided no facts to support these assertions, they are wholly unfounded, and he failed to prosecute them at the June 7, 2011, hearing.

Hansjurgens's Notice of Appeal was not timely filed pursuant to Bankruptcy Rule 8002(a). Hansjurgens's stated reason for his delay in filing his Notice of Appeal does not constitute excusable neglect for purposes of enlarging the time to file a notice of appeal pursuant to Bankruptcy Rule 8002(c)(2). Accordingly, Hansjurgens's Notice of Appeal was untimely filed. I take this opportunity to note that Defendant Hako-Med USA, Inc. filed no notice of appeal.[4] Accordingly, neither Defendant has timely filed a notice of appeal as

---

[4] Hansjurgens purports to act on Hako-Med's behalf. *See e.g.* Designation of Record and Statement of Issues on Appeal, Dckt. No. 158, ¶ 1 ("Whether the bankruptcy court erred in finding that Defendants tortuously [sic] interference [sic] with contractual relations of the Debtor with New River . . . ."); ¶ 3 ("Whether the bankruptcy court erred by finding that changing the labeling of a medical device requires no FDA clearance of any kind and erred by finding that Defendants therefore acted without privilege . . . ."); ¶ 4 ("Whether the bankruptcy court erred in finding that the Defendants acted without privilege when Defendants have the absolute right to

required by Bankruptcy Rule 8001(a), and no appeal may be made to the district court.

ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that Defendant Hansjurgens's assertions that I should be disqualified from this case (which I construe as Motions to Disqualify) are DENIED.

IT IS FURTHER ORDERED that Defendants' stated reasons for their failure to file timely notices of appeal do not constitute excusable neglect. Accordingly, Defendants' Motion for Extension of Time to file Appeal or Accept Belated Appeal is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 17th day of June, 2011.

---

property . . . ."). Hansjurgens is not a member of the Bar of this Court and under clear precedent a non-attorney individual may not represent a corporation in a legal proceeding. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.").