# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

In the matter of:⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀⠀⠀Adversary Proceeding
DONALD H. BAILEY⠀⠀⠀⠀⠀⠀)
(Chapter 11 Case Number <u>07-41381</u>)⠀⠀⠀⠀Number <u>09-4002</u>
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀*Debtor*⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
DONALD H. BAILEY⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀⠀⠀**FILED**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀**Samuel L. Kay, Clerk**
⠀⠀⠀⠀⠀⠀⠀*Plaintiff*⠀⠀⠀⠀)⠀⠀**United States Bankruptcy Court**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀**Savannah, Georgia**
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀**By lbarnard at 5:15 pm, Jul 29, 2011**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
HAKO-MED USA, INC.⠀⠀⠀⠀⠀)
AND⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
KAI HANSJURGENS⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀*Defendants*⠀⠀⠀)

## RECOMMENDATION TO THE DISTRICT COURT
## FOR WITHDRAWAL OF REFERENCE

⠀⠀⠀⠀The United States District Court for the Southern District of Georgia has

issued an order referring "[a]ll cases under Title 11 U.S.C. and all proceedings arising under

Title 11 U.S.C. or arising in or related to a case under Title 11 U.S.C." to the United States

Bankruptcy Court for the Southern District of Georgia. <u>Order</u>, July 13, 1984 (Alaimo, C.J.).

Accordingly, this Court may exercise full judicial power over "all cases under title 11 and

all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. §

157(b)(1). However, the United States District Court for the Southern District of Georgia

AO 72A
(Rev. 8/82)

may withdraw that reference, in whole or in part, for cause shown.  28 U.S.C. § 157(d).

In this Adversary Proceeding, the Plaintiff / Debtor has moved this Court to hold Defendants in contempt—pursuant to 18 U.S.C. § 401—for failing to produce post-judgment discovery related to Defendants' financial situation.  Defendant Kai Hansjurgens responded, asserting multiple defenses (including one constitutional defense).  A hearing was held on the Motion but Hansjurgens failed to appear and pursue those defenses.  Based on the record, this Court has determined that Defendant Hansjurgens must be found in civil contempt of court.  However, because the sanction which must be imposed upon Hansjurgens may include incarceration until he complies with an Order of this Court, I recommend that the United States District Court for the Southern District of Georgia withdraw the reference, enter a contempt order, and impose sanctions consistent with this Recommendation.[1]

The Law is Unclear Whether the Bankruptcy Court has the Constitutional Power to Order Incarceration as a Contempt Sanction

Section 105 of the Bankruptcy Code grants statutory authority to a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  This includes the power to impose sanctions for contempt.  In re Hardy, 97 F.3d 1384, 1389-90 (11th Cir. 1996).  The bankruptcy court also has an *inherent* power to determine that a party should be sanctioned

---

[1]Defendant invoked the Eighth Amendment ban on excessive fines and punishments.  Response, Dckt. No. 153 (May 3, 2011).  While he failed to prosecute that particular claim of unconstitutionality, I conclude that other provisions of the Constitution require that the remedy necessary to coerce compliance in this case be referred to and considered by an Article III Court.

for contemptuous behavior. In re Mroz, 65 F.3d 1567, 1574-75 (11th Cir. 1995). Hansjurgens's continuing refusal to comply with court-ordered discovery is contemptuous behavior. See Fed. R. Civ. P. 37(b)(2)(A)(vii) ("If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just," which may include an order finding the disobedient party in contempt of court). Moreover, the Eleventh Circuit Court of Appeals has held that "[a] Bankruptcy Court has the power to imprison a debtor for contempt of court when the debtor fails to comply with a Turn Over Order." In re Lawrence, 279 F.3d 1294, 1297 (11th Cir. 2002). However, those cases only deal with the *statutory* and *inherent authority* to incarcerate. Id.

The issue is unclear whether this Court, as an Article I court, has the *Constitutional authority* to impose non-monetary sanctions—such as arrest and incarceration—which result in the deprivation of personal liberty. An Article I court imposing incarceration runs a substantial risk of attempting to exercise the full judicial power of the United States, which is reserved only to Article III courts by the Constitution. Such remedy may lie outside the constitutional limits of the powers granted to a non-Article III bankruptcy court. See Belinda K. Orem , *The Impertinent Contemnor: The Power of the Bankruptcy Courts to Imprison*, 25 CAL. BANKR. J. 222, 243 (2000) ("Bankruptcy law continues to be unsettled regarding the power of bankruptcy courts to incarcerate either civil or criminal contemnors. This debate will continue to expand until Congress or the Supreme

Court moves to resolve it."). This concern, articulated in the above-mentioned 2000 article, is especially true in light of the recent Supreme Court case Stern v. Marshall, 131 S. Ct. 2594 (2011). In that case the Court held that even though a bankruptcy court had the *statutory authority* to enter judgment on a debtor's compulsory counterclaim against a creditor who had filed a proof of claim, it lacked the *Constitutional authority* to do so. Id.

This continuation of the Supreme Court's narrow view of bankruptcy courts' authority (*see e.g.*, Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982)) is a reminder of the limits of this Court's power. It is noteworthy that Defendants in this case filed no proof of claim in the Debtor's Chapter 11 case, so this Court's use of arrest as a sanction is on even weaker Constitutional ground than the bankruptcy court's exercise of a specifically enumerated core power, as was rejected in Stern. This case involves the personal liberty interest of a non-party to the underlying bankruptcy case, not just an economic interest, as was the case in Stern. Because of the nature of the sanctions recommended by this Court (*see* Part III, *infra*), it is Constitutionally prudent to leave the final determination to the United States District Court for the Southern District of Georgia. That course of action carries with it the added benefit of judicial economy, as any appeal from a contempt sanction issued by this Court would be heard by the United States District Court for the Southern District of Georgia.

Withdrawal of the reference for this purpose is also consistent with existing

precedent in the Southern District of Georgia. In <u>In re Younger</u>, Case No. 92-40607 (S.D. Ga.) (Davis, J.), the reference was partially withdrawn and the debtor was arrested pursuant to an order of the United States District Court for the Southern District of Georgia for his intransigence and unwillingness to comply with an order of this Court.

Because coercive imprisonment requires a deprivation of personal liberty, this Court—in light of unsettled precedent, and out of an abundance of caution because of the severity of the remedy[2]—recommends that the United States District Court for the Southern District of Georgia withdraw the reference in this case for purposes of determining the issue of contempt. This Court further recommends that the United States District Court for the Southern District of Georgia consider for adoption the following Proposed Findings of Fact and Conclusions of Law:

[BEGINNING OF PROPOSED FINDINGS]
==================================

<u>FINDINGS OF FACT</u>

The facts relevant to this Order are discussed in more detail in <u>Bailey v. Hako-Med USA, Inc.</u>, Case No. 09-4002 (May 26, 2011) (Bankr. S.D. Ga.) (Davis, J.). A shortened version of the facts is presented below.

---

[2]The Founders of this Country viewed the protection of liberty interests of the citizens as fundamental to the new Republic. *See* The Declaration of Independence, ¶ 2. They knew that there could be no liberty if the power of the judiciary was not separated from the legislative and executive branches and vested in life-tenured judges under Article III. <u>Stern</u>, 131 S. Ct. at 2609. While bankruptcy courts can hear and resolve economic issues which are core matters in bankruptcy, the extension of their power to imprison a party, even as a civil sanction, deprives that party of liberty. Such a deprivation must be considered beyond the proper Constitutional reach of a non life-tenured Article I judge.

Debtor Donald H. Bailey filed Chapter 11 on September 4, 2007. As part of the administration of the estate, Debtor commenced an Adversary Proceeding against Hako-Med USA, Inc., and Kai Hansjurgens (together "Defendants"). The complaint raised numerous allegations arising out of a business relationship between Debtor and Defendants. The matter was partially resolved by Order of the bankruptcy court on November 18, 2010. Bailey v. Hako-Med USA, Inc., Case No. 09-4002 (Nov. 18, 2010) (Bankr. S.D. Ga.) (Davis, J.). The matter of punitive damages was reserved for a later trial.

On January 5, 2011, the bankruptcy court issued a Scheduling Order which gave the parties until February 18, 2011, to complete post-judgment discovery for the purposes of assessing punitive damages. Scheduling Order, Dckt. No. 112.[3] Debtor had served discovery on Defendants, and Defendants were unresponsive in their discovery responses.[4] The bankruptcy court entered an Order dated March 3, 2011, ordering (among other things) that Defendants produce truthful discovery responses on or before March 8, 2011.

On March 8, 2011, the bankruptcy court convened at the Savannah Courthouse to review the documents and conduct the trial. Despite that court's clear

---

[3] The citations to the Docket are citations to Adversary Proceeding 09-4002 in the bankruptcy court.

[4] The April 7, 2011, Order issued by the bankruptcy court explains in some detail Defendants' insufficient discovery responses. See Bailey v. Hako-Med USA, Inc., Case No. 09-4002, pp. 6-7 (Apr. 7, 2011) (Bankr. S.D. Ga.) (Davis, J.).

direction, Defendants filed incomplete and inadequate discovery requests (*see supra*, note 4) and failed to appear at the trial.

That trial proceeded as fully explained in <u>Bailey v. Hako-Med USA, Inc.</u>, Case No. 09-4002 (Apr. 7, 2011) (Bankr. S.D. Ga.) (Davis, J.). The matter was finally resolved by that Order. Shortly thereafter, Debtor filed a Motion to Hold Defendants in Contempt, noting that Defendants did not produce adequate records to their attorney by the court-imposed deadline of March 8, 2011. <u>Motion</u>, Dckt. No. 149 (Apr. 29, 2011). Hansjurgens asserted three defenses in his response to Debtor's Motion for Contempt. <u>Response</u>, Dckt. No. 153 (May 3, 2011). Hako-Med filed no response.

The bankruptcy court entered a Memorandum and Preliminary Order on Debtor's Motion for Contempt. <u>Bailey v. Hako-Med USA, Inc.</u>, Case No. 09-4002 (May 26, 2011) (Bankr. S.D. Ga.) (Davis, J.). That Order disposed of one of Hansjurgens's defenses and reserved the other two defenses to be considered at the June 7, 2011, hearing. <u>Bailey v. Hako-Med USA, Inc.</u>, Case No. 09-4002 (May 26, 2011) (Bankr. S.D. Ga.) (Davis, J.). That hearing took place as scheduled, but Hansjurgens failed to appear at the hearing to prosecute the remaining defenses.

## CONCLUSIONS OF LAW

Because neither Hansjurgens nor his counsel[5] attended the hearing to pursue

those defenses, they have been abandoned. *See* Ramirez v. Shoshoni Const. Servs., Inc.,

2008 WL 5188856, *2 (M.D. Fla. 2008).


### I.  Coercive Contempt Sanctions

There are three forms of contempt sanctions; punitive, compensatory, and

coercive. Chandler v. James, 180 F.3d 1254, 1266 (11th Cir. 1999) (Tjoflat, J., concurring)

*vacated on other grounds sub nom.* Chandler v. Siegelman, 530 U.S. 1256 (2000).  Coercive

sanctions are civil sanctions which are imposed, as the name suggests, to coerce an unwilling

party into doing an act he is required to do, but which he refuses to do.  Chandler, 180 F.3d

at 1266.  "Civil contempt differs from criminal contempt in that it seeks only to coerce the

defendant to do what a court had previously ordered him to do." Turner v. Rogers, 131 S.

Ct. 2507, 2516 (2011) (citing Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 442

(1911)).  "The purpose of civil contempt sanctions is to (1) compensate the complainant for

losses and expenses it incurred because of the contemptuous act, and (2) coerce the

contemnor into complying with the court order." Jove Engineering, Inc. v. I.R.S., 92 F.3d

1539, 1558 (11th Cir. 1996).

---

[5]I note here that Hansjurgens is proceeding *pro se*.  However, "once a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure . . . Pro se litigant[s] [who] ignore[ ] a discovery order . . . [are] subject to sanctions like any other litigant." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989) (affirming dismissal of an action brought by *pro se* plaintiff for failure to comply with court order).

The Supreme Court has recognized two closely related types of coercive sanctions. In <u>Int'l Union, United Mine Workers of America v. Bagwell</u>, the Court discussed contempt at some length. 512 U.S. 821 (1994). In that discussion, the Court held that a per diem fine exerted a "constant coercive pressure," and that such a fine was a coercive civil contempt sanction. <u>Id.</u> at 829. The Court also explained that coercive imprisonment was closely analogous to a per diem fine because it too exerts a constant coercive pressure. <u>Id.</u>

## II.  Hansjurgens Should Be Held in Contempt

### A.   There is Clear and Convincing Evidence that Defendants Violated a Court Order

A finding of civil contempt requires "clear and convincing" evidence that a court order was violated. <u>Jordan v. Wilson</u>, 851 F.2d 1290, 1292 n. 2 (11th Cir. 1988). Debtor moved the bankruptcy court to allow post-judgment discovery on November 30, 2010. <u>Motion</u>, Dckt. No. 98. Debtor attached to that Motion the proposed discovery. <u>Id.</u> A hearing was held on December 16, 2010, and the bankruptcy court issued a Scheduling Order on January 5, 2011, requiring discovery to be completed no later than February 18, 2011. <u>Scheduling Order</u>, Dckt. No. 112. The bankruptcy court issued another Order on January 25, 2011, which, among other things, reminded the parties that the bankruptcy court "has set a discovery deadline in anticipation of the final trial of the issue of attorney's fees and punitive damages and those deadlines remain in full force and effect." <u>Order</u>, Dckt. No. 117.

Defendants filed a Motion to Seal Discovery, claiming that they "w[ould]

be tendering confidential financial information to Plaintiff" before the discovery deadline. Motion, Dckt. No. 119 (Jan. 27, 2011). The bankruptcy court granted that Motion to Seal. Order, Dckt. No. 122 (Feb. 2, 2011). Defendants did not respond to the discovery requests, but they did serve their own discovery on Debtor, requesting information which was not reasonably related to the issue before the bankruptcy court. Interrogatories, Dckt. No. 125 (Feb. 9, 2011). The bankruptcy court issued another Order on March 3, 2011, requiring Defendants to produce the requested discovery by March 8, 2011. Order, Dckt. No. 137. Defendants filed with the bankruptcy court their discovery responses on March 8, 2011. Those responses were incomplete and inadequate. *See supra*, note 4.

A hearing on the issue of punitive damages was held in the bankruptcy court on March 8, 2011. That court issued a final Order on April 7, 2011. Bailey v. Hako-Med USA, Inc., Case No. 09-4002 (Apr. 7, 2011) (Bankr. S.D. Ga.) (Davis, J.). On April 29, 2011, Debtor filed a Motion for Contempt, requesting that Defendants be held in contempt for failing to comply with an Order of the bankruptcy court. Motion, Dckt. No. 149. Hansjurgens responded to that Motion, raising multiple defenses. Response, Dckt. No. 153 (May 3, 2011). He did not, however, comply with the discovery order at that time. Defendant Hako-Med filed no response. That Motion was set for hearing on June 7, 2011. The bankruptcy court entered a preliminary order, holding, among other things, that "Defendants remain under a continuing obligation to produce the discovery which was previously ordered to be produced by March 8, 2011. They may prevent a finding of

contempt, or ameliorate the severity of contempt sanctions, by producing the required discovery at or before the June 7, 2011, hearing." Bailey v. Hako-Med USA, Inc., Case No. 09-4002, p. 15 (May 26, 2011) (Bankr. S.D. Ga.) (Davis, J.).   Defendants failed to appear at that hearing, they failed to produce the discovery, and Hansjurgens failed to pursue his defenses.[6]

Accordingly, it is clear and convincing to this Court that Defendants have failed to comply with multiple Discovery Orders of the bankruptcy court, and that contempt sanctions are appropriate.   Hansjurgens is both a named defendant and the majority shareholder of Defendant Hako-Med (more than 70%), as well as President, CEO, and Chairman of the Board. Transcript, Dckt. No. 141, ¶ 6-8.  Therefore, all sanctions will be imposed upon Hansjurgens.

B.   Hansjurgens Should Be Required to Pay the Reasonable Expenses Caused by His Failure to Respond to Discovery

Federal Rule of Civil Procedure 37(d)(3) provides that "the court must require the party failing to [respond to discovery requests] . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."   Hansjurgens has not provided—either in his response or at the hearing in the bankruptcy court—any justification

---

[6]Debtor also filed Motions to Compel, requesting that the bankruptcy court compel Defendants to comply with the discovery request. Motions, Dckt. Nos. 173, 174 (June 6, 2011).  The bankruptcy court granted those Motions on July 29, 2011. Order, Dckt. No. 202.

for his failure to produce.  Accordingly, he will be ordered to pay Debtor the reasonable expenses which have been caused by his failure to comply.  The determination of reasonable expenses should be set for hearing in the bankruptcy court.

### C.  Hansjurgens Must Be Coerced Into Compliance

Debtor correctly notes that

> [d]uring this post-judgment delay, Defendants may very well be disposing of or transferring assets or altering business procedures to delay, hinder or prevent Plaintiff from collecting on his judgment. Further, Defendant Kai Hansjurgens is a German citizen and may be contemplating a departure from the country which would further jeopardize collection efforts by Plaintiff.

Motion, Dckt. No. 149 (Apr. 29, 2011).  Based on this assertion, time may be of the essence as it pertains to enforcing the April 7, 2011, judgment of the bankruptcy court.

The discovery request for Defendants' financial documents was originally tailored toward determining Defendants' financial well-being, as that is relevant to a determination of punitive damages under Georgia law. *See* Hosp. Auth. of Gwinnett County v. Jones, 259 Ga. 759, 764 (1989) *cert. granted, vacated on other grounds,* 499 U.S. 914(1991), *judgment reinstated* 261 Ga. 613 (1991).  However, at that time, Defendants'

refusal to comply with the Order of the bankruptcy court simply gave rise to an adverse inference regarding the contents of those documents. Bailey v. Hako-Med USA, Inc., Case No. 09-4002, p. 9 (Apr. 7, 2011) (Bankr. S.D. Ga.) (Davis, J.) (citing Callahan v. Schultz, 783 F.2d 1543, 1545 (11th Cir. 1986)).

Now those documents are sought to enforce a judgment of the bankruptcy court. There is no "adverse inference" to be drawn here. Federal Rule of Civil Procedure 37(b) provides a non-exclusive list of sanctions available when a party fails to obey a court order. However, the majority of the enumerated remedies would not serve the desired purpose in this case. For example, the bankruptcy court would accomplish nothing by:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part; [or]
>
> (vi) rendering a default judgment against the disobedient party . . . .

Fed. R. Civ. P. 37(b)(2)(A).  In fact, most of those actions would *benefit* Defendants. Accordingly, this Court will elect to impose the remaining remedy, to: "(vii) treat[] as contempt of court the failure to obey any order" of the bankruptcy court. Id.

## III. Conclusion

This Court must fashion a sanction which has the desired coercive effect on Hansjurgens.  However, it is impossible to determine Hansjurgens's financial well-being due to the very contemptuous behavior which is the subject of this Motion.  Because of this contemptuous behavior, he has rendered it impossible to assess how significant a monetary sanction would be necessary to coerce his compliance.  He cannot be permitted to benefit from his own misconduct.  Still, sanctions may not "be any greater than necessary to ensure such compliance and may not be so excessive as to be punitive in nature." Jove Engineering, Inc., 92 F.3d at 1558 (quotations omitted). In this situation, a monetary sanction—imposed without a factual predicate to assess its coercive effect—runs the risk of being either insufficient to coerce, or so large as to be punitive.  Only Hansjurgens knows what amount of monetary sanction would be coercive but not punitive.  Accordingly, the only sanction with a guaranteed coercive (but not punitive) effect is imprisonment until such time as Hansjurgens provides complete and truthful discovery responses.  Hansjurgens could end his imprisonment—or avoid it altogether—simply by providing complete and truthful discovery responses to the bankruptcy court.

AO 72A
(Rev. 8/82)

## O R D E R

Pursuant to the foregoing Findings of Fact and Conclusions of Law,

IT IS ORDERED that Hansjurgens is in CONTEMPT OF THIS COURT and shall be placed

under arrest and imprisoned for his continuing non-compliance with an Order of the

bankruptcy court. Compliance will prevent the imprisonment if completed before the arrest,

and it will end the imprisonment if completed after the arrest. Hansjurgens is in complete

control of the extent of the sanction, and may avoid the arrest entirely with timely

compliance.

IT IS FURTHER ORDERED that Hansjurgens pay to Debtor the reasonable

expenses caused by his failure to comply with the Order of the bankruptcy court. The

determination of those expenses will be set for hearing in the bankruptcy court.

[*signature line left blank*]_____
United States District Court Judge

Dated this _____ day of _____, 2011.

### [END OF PROPOSED FINDINGS]

## RECOMMENDATION

This recommendation to the United States District Court for the Southern District of Georgia is submitted this 29th day of July, 2011.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 29th day of July, 2011.